# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

DANNY GORDON,           CASE NO. 2:08–cv-1098
                                         JUDGE WATSON
         Petitioner,         MAGISTRATE JUDGE KEMP

v.

**EDWIN VOORHIES, WARDEN**
**Noble Correctional Institution,**

         **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's Return of Writ, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## FACTS and PROCEDURAL HISTORY

The Ohio Fifth District Court of Appeals summarized this case as follows:

> On March 8, 2006, the Muskingum County Grand Jury indicted appellant, Danny Gordon, on two counts of trafficking in drugs in violation of R.C.2925.03 and R.C. 2925.11, one a felony in the third degree and the other a felony in the second degree. On December 11, 2006, appellant pled guilty to two counts in the third degree as amended. By entry filed January 29, 2007, the trial court sentenced appellant to an aggregate term of four years in prison and imposed an aggregate fine of $10,000.

*State v. Gordon,* Case No. CT2007-0011 (Ohio App. 5th Dist. October 12, 2007). Petitioner filed a timely appeal, in which he asserted the following assignments of error:

Assignment of Error No. I

THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT CONSIDERING R.C. 2929.011 AND R.C. 2929.12.

Assignment of Error No. II

THE TRIAL COURT ERRED IN IMPOSING A MANDATORY FINE TO AN INDIGENT PERSON.

*See id.* On October 12, 2007, the appellate court affirmed the judgment of the trial court.

*Id.*

Proceeding *pro se,* petitioner filed a timely appeal to the Ohio Supreme Court. He asserted the following propositions of law:

> 1. State failed to bring the Appellant to trial within the time limits of O.R.C. 2945.71-2945.73.
>
> 2. The trial court erred in imposing a mandatory fine to an indigent person.
>
> 3. Appellant states that the charges against him are unlawful due to the time of his arrest. He was not in position of anything.
>
> 4. BCI&I reports are conflicting and list two different amounts of drugs involved.
>
> 5. Police Department bribed, extorted and coerced an informant to say that the Defendant was guilty of these charges.
>
> 6. Police took money from the Defendant one year prior to his arrest. Is this money identified as being the Defendant's?
>
> 7. Appellant's counsel was ineffective.

*Exhibit 8 to Return of Writ*. On March 26, 2008, the Ohio Supreme Court denied leave to appeal and dismissed the appeal. *State v. Gordon*, 117 Ohio St.3d 1438 (2008).

While his direct appeal was pending, petitioner, proceeding *pro se*, filed a petition to vacate or set aside the judgment in the Court of Common Pleas for Muskingum County, Ohio. He raised the following claims:

> 1. Defendant was deprived of his constitutional right to a fast and speedy trial.
>
> 2. Defendant was charged with 2 counts of Trafficking in Drugs in his indicment, but during his sentencing, he was sentenced to 1 count of Trafficking and 1 count of Possession.
>
> 3. Defendant states that the charges against him are unlawful and that at his time of arrest, he had nothing on him or in his position.
>
> 4. BCI reports are not the same, and list 2 different things.
>
> 5. The Zanesville police department bribed, extorted and coerced a person to say the Defendant was guilty of these charges, in order for the police department to arrest the Petitioner in this case.

*Exhibit 10 to Return of Writ*. Petitioner's motion was denied on December 21, 2007. *Exhibit 11 to Return of Writ*. Petitioner did not appeal this decision.

On July 9, 2008, petitioner, still proceeding *pro se*, filed an application to reopen his direct appeal pursuant to App.R.26(B) asserting the ineffective assistance of appellate counsel. *Exhibit 12 to Return of Writ*. On July 30, 2008, the Fifth District Court of Appeals denied the application to reopen as untimely and held that petitioner had failed to show cause for his late filing. *Exhibit 13 to Return of Writ*.

3

Petitioner timely appealed the denial of his 26(B) application to the Ohio Supreme Court asserting the following proposition of law:

> 1. Plea of guilty mandates that the trial court make certain that a defendant who enters a plea is doing so upon a knowingly, intelligently, and voluntarily manner; if not the plea is in violation of Due Process and the plea must be vacated.

*Exhibit 14 to Return of Writ*. The Ohio Supreme Court declined discretionary review on March 26, 2008. *Exhibit 15 to Return of Writ*.

On November 19, 2008, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following ground:

> 1. Plea of guilty mandates that the trial court make certain that a defendant who enters a plea is doing so upon a knowingly, intelligently, and voluntarily manner, if not the plea is in violation of due process and the plea must be vacated.

It is the position of the respondent that petitioner's claim is procedurally defaulted.

## PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.;Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam; Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims

4

to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982);*Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir.1985).

In his claim, petitioner asserts that his guilty plea violated his due process rights because it was not made "knowingly, intelligently, [or] voluntarily." Petitioner did not raise such a claim in his direct appeal before the Fifth Circuit Court of Appeals or the Ohio

Supreme Court. In fact, he did not raise such a claim until he filed an appeal with the Ohio Supreme Court arising from the denial of his Rule 26(B) application by the state appellate court. Petitioner may no longer present his claim that his guilty plea was made in violation of his due process rights to the state courts under Ohio's doctrine of *res judicata*. *State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967). The state courts were never given the opportunity to enforce the procedural rule at issue due to the nature of petitioner's procedural default. The Court therefore deems the first and second parts of *Maupin* to have been met with respect to petitioner's claim.

Petitioner first challenged his guilty plea as unconstitutional on appeal to the Ohio Supreme Court in connection with the appellate court's denial of his Rule 26(B) application. The Ohio Supreme Court does not ordinarily consider claims not first raised in the appellate court below, and petitioner did not thereby properly preserve this claim for federal habeas corpus review. *See Mitts v. Bagley*, 2005 WL 2416929 (N.D. Ohio September 29, 2005)(habeas petitioner's failure to raise a claim in the Ohio Court of Appeals precludes review by the Supreme Court of Ohio), citing *Fornash v. Marshall*, 686 F.2d 1179, 1185 n.7 (6th Cir. 1982)(citing *State v. Phillips*, 27 Ohio St.2d 294, 302 (1971)). Further, only claims of ineffective assistance of appellate counsel will be considered under Ohio's Rule 26(B).

The Court must next decide whether the procedural rules at issue constitute an adequate and independent bases upon which to foreclose review of the petitioner's federal constitutional claims. This task requires the Court to balance the state's interests behind

6

each procedural rule against the federal interest in reviewing federal claims. *See Maupin v. Smith*, 785 F.2d at 138. The Court of Appeals for the Sixth Circuit has consistently held that Ohio's doctrine of *res judicata, i.e.,* the *Perry* rule, is an adequate ground for denying federal habeas relief. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir.2006); *Coleman v.Mitchell*, 268 F.3d 417, 427-29 (6th Cir.2001); *Seymour v. Walker,* 224 F.3d 542, 555 (6th Cir.2000); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir.2000); *Norris v. Schotten,* 146 F.3d 314, 332 (6th Cir.1998). The doctrine of *res judicata* is stated in unmistakable terms in countless Ohio decisions, and Ohio courts have consistently refused, in reliance on that doctrine, to review the merits of claims. *See State v. Cole, supra; State v. Ishmail, supra.* Further, the doctrine of *res judicata* serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. With respect to the independence prong, the Court concludes that *res judicata* does not rely on or otherwise implicate federal law. The third part of the *Maupin* test has been met.

Further, the Court notes that in his traverse, petitioner asserts that his trial counsel did not advise him that he would not be eligible for early release and that his sentence was mandatory. *Traverse at 2-3*. While not specifically identified as a ground for his habeas corpus petition, to the extent petitioner's traverse could be construed as asserting a claim that he was denied the effective assistance of trial counsel, this claim is procedurally defaulted as well.

Because this issue was raised in the traverse, respondent has not raised the issue of procedural default as to this claim. While federal courts are not required to *sua sponte* raise

the issue of procedural default, neither are they precluded from doing so. *See Elzy v. United States*, 205 F.3d 882, 886 (6th Cir.2000), citing *Test v. Cain, supra*, 522 U.S. at 87; *Rosario v. United States*, 164 F.3d 729, 732-33 (2nd Cir.1998); *see also Day v. McDonough*, 126 S.Ct. 1675, 1682 (2006), noting that

> the Courts of Appeals have unanimously held that, in appropriate circumstances, courts, on their own initiative, may raise a petitioner's procedural default, *i.e.*, a petitioner's failure properly to present an alleged constitutional error in state court, and the consequent adequacy and independence of state-law grounds for the state-court judgment. *See Brewer v. Marshall*, 119 F.3d 993, 999 (C.A.1 1997); *Rosario v. United States*, 164 F.3d 729, 732 (C.A.2 1998); *Sweger v. Cheney*, 294 F.3d 506, 520 (C.A.3 2002); *Yeasts v. Anemone*, 166 F.3d 255, 261 (C.A.4 1999); *Maguire v. Phillips*, 144 F.3d 348, 358 (C.A.5 1998); *Swell v. Bradshaw*, 372 F.3d 821, 830 (C.A.6 2004); *Coarse v. Jordan*, 146 F.3d 435, 440 (C.A.7 1998); *King v. Lemna*, 266 F.3d 816, 822 (C.A.8 2001) (*en banc*); *Van v. Nevada*, 329 F.3d 1069, 1073 (CA.9 2003); *United States v. Wiseman*, 297 F.3d 975, 979 (C.A.10 2002); *Moon v. Head*, 285 F.3d 1301, 1315, n. 17 (C.A.11 2002).

*Id*. This is especially true where, as here, petitioner has had the opportunity to respond to the arguments in support of procedural default. *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir.2005), citing *Lorraine v. Coyle*, 291 F.3d 416, 426 (6th Cir.2002); *Elzy v. United States*, 205 F.3d at 886. Petitioner may respond to the issue in any objections to the Report and Recommendation.

This claim, being readily apparent from the face of the record, should have been raised on direct appeal, but was not. Petitioner may now no longer present such a claim to the state courts under Ohio's doctrine of *res judicata*. *See State v. Cole*, 2 Ohio St.3d 112,

443 N.E.2d 169 (1982); *State v. Ishmail*, 67 Ohio St.2d 16, 423 N.E.2d 1068 (1981); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). The state courts were never given an opportunity to enforce the procedural rule due to the nature of petitioner's procedural default.

To the extent that this claim might involve evidence not readily apparent from the face of the record, it would be properly raised in a petition for post conviction relief pursuant to O.R.C. §2953.21. However, it does not appear from the record that petitioner ever presented such an issue in his post conviction petition. *See Exhibit 10 to Return of Writ*. Further, any attempt now to present such claim to the state courts in an untimely and successive petition would most certainly be barred.[1] This Court deems the first and second

---

[1] O.R.C. §2953.23 provides:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the

9

parts of the *Maupin* test to have been satisfied with respect to this claim. Further, as discussed above, *res judicata* is an adequate ground for denying habeas corpus relief. The third part of *Maupin* has been met.

Thus, petitioner has waived his right to present his claims of due process violations as they relate to his guilty plea or any claim regarding the ineffective assistance of trial counsel. He may still obtain review of these claims on the merits if he establishes cause for his procedural defaults, as well as actual prejudice from the alleged constitutional violations. Petitioner has failed to establish cause for the procedural default of his claim.

In his traverse, petitioner suggests, as cause for his procedural default, the ineffective assistance of appellate counsel. *Traverse, at 4*. The ineffective assistance of

---

> sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
>
> (2) The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under section 2953.82 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.
>
> As used in this division, "actual innocence" has the same meaning as in division (A)(1)(b) of section 2953.21 of the Revised Code.
>
> (B) An order awarding or denying relief sought in a petition filed pursuant to section 2953.21 of the Revised Code is a final judgment and may be appealed pursuant to Chapter 2953. of the Revised Code.

The record does not reflect that petitioner could meet these requirements.

counsel may constitute good cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). However, the ineffective assistance of counsel cannot constitute cause for a procedural default where such claim itself has been waived. *Id.* at 452-453.

Ohio App. R. 26(B)(2)(1) requires that a petitioner's application be filed within 90 days of judgment. The state appellate court issued its judgment on petitioner's direct appeal on October 12, 2007. Petitioner did not file his application to reopen until July 9, 2008. As a result, the Fifth District Court of Appeals denied petitioner's claim for relief as untimely. Consequently, the first and second parts of *Maupin* have been met.

The Court must next decide whether the procedural rule at issue constitutes an adequate and independent bases upon which to foreclose review of the petitioner's federal constitutional claims. This task requires the Court to balance the state's interests behind each procedural rule against the federal interest in reviewing federal claims. *See Maupin v. Smith*, 785 F.2d at 138. The Court of Appeals for the Sixth Circuit has recognized that the timeliness rule in 26(B) is an adequate and independent state ground for relief. *Fautenberry v. Mitchell*, 515 F.3d 614 (6th Cir. 2008). The third part of the *Maupin* test has been met.

Petitioner contends also that

> [t]he fact that counsel did not send Petitioner a copy of the transcripts until late June, 2008, Petitioner had no way to view appellate counsels' ineffectiveness.

*Petition*, at 8. Thus, petitioner asserts the ineffective assistance of counsel, due to his attorney's failure to provide him with a copy of the transcript, as cause for any procedural default of his ineffective assistance of appellate counsel claim. This argument

11

also fails. The Court of Appeals for the Sixth Circuit has held that a proceeding under Ohio's Rule 26(B) constitutes a collateral matter rather than a part of the direct review process and that a petitioner is therefore not entitled to the assistance of constitutionally effective counsel in that process. *Lopez v. Wilson*, 426 F.3d 339, 350 (6th Cir. 2005). Consequently, any ineffectiveness on the part of petitioner's counsel in connection with his Rule 26(B) application to reopen cannot constitute cause for petitioner's procedural default, because petitioner had no constitutional right to the assistance of counsel.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333. After review of the record, the Court does not deem this to be such a case.

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**. Further, the petitions for writ of procedendo (#14 and #16) are **DENIED** as moot.

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a

judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge